UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DR. REMY J. RODRIGUEZ,
v.
UNITED STATES COAST GUARD.

CASE NUMBER: 96-2004 (DRD)

## ORDER

Dr. Remy J. Rodríguez appeals the United States Coast Guard's final decision to impose a civil penalty of him. Although Dr. Rodríguez was found responsible for four separate violations, he only contests the $500 civil penalty assessed by the Coast Guard against him for operating a vessel while intoxicated. See 46 U.S.C. § 2302 and 33 C.F.R. Part 95. For the following reasons Dr. Rodríguez' appeal is **DENIED** and this case is **DISMISSED**.

The Coast Guard initially boarded Dr. Rodríguez' boat, which he was operating, at the Ponce Harbor in Ponce, Puerto Rico on February 5, 1995. Dr. Rodríguez received, along with other lesser citations, a violation of 46 U.S.C. § 2302(c) for intoxicated operation. Dr. Rodríguez admitted consuming three beers early in the day. He was given a field sobriety test. The results of the test, lead to the request that Dr. Rodríguez submit to a chemical test. After being advised that noncompliance would invoke a presumption of intoxication, Dr. Rodríguez refused.

Dr. Rodríguez challenges the conclusion that substantial evidence existed to support a conclusion that he was operating a vessel while intoxicated.

The Court's review is limited to the administrative record on this appeal. The Coast Guard's decision is given great deference and will only be disturbed if the agency did not substantially comply with its statutory and regulatory procedures, the factual determinations by the agency are not supported by substantial evidence, or the decision was arbitrary, capricious, or an abuse of discretion. See e.g. Woods v. United States Dep't of Transp., 681 F.2d 988, 990 (5th Cir. 1982). The Court finds the record contains substantial evidence to support the Coast Guard's determination of reasonable cause to request Dr. Rodríguez to take a chemical test. In addition, the Court holds that the Coast Guard's determination that Dr. Rodríguez was operating a vessel while intoxicated, along with the application of the presumption of intoxication for refusal to submit to a chemical examination, had a rational basis and therefore, was not arbitrary, capricious, or an abuse of discretion. See Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 290 (1974) ("[W]e can discern in the [agency's] opinion a rational basis for its treatment of the evidence, and the 'arbitrary and capricious' test does not require more."). Further, the $500 citation does not violate the Excessive Fines Clause. See generally United States v. Bajakajian, 524 U.S. 321, 118 S.Ct. 2028 (1998). The Court notes that the fine was originally assessed as $1000, the maximum allowed by law, and was reduced by the Coast Guard's review process to $500. Also, the fine is not a harsh remedy, it is merely an administrative fine, and should not unduly impact Dr. Rodríguez' professional career. Wherefore, the Coast Guard's decision is **AFFIRMED** and this case is **DISMISSED**.
IT IS SO ORDERED.

Date: September 29, 1999

DANIEL R. DOMINGUEZ
U.S. District Judge

P:\PEACHORD ERS\96-2004 DIS

Rec'd:    EOD:

By: /s/    # 19